UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 JUN 17 AM 9: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SHERRYL SNODGRASS CAFFEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-02-S-0755-NE |
| | ) |
| STATE OF ALABAMA, *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

ENTERED
JUN 17 2004

## MEMORANDUM OPINION

Plaintiff's original and amended complaints asserted numerous constitutional

and state law claims, all arising out of an incident involving her defense of a criminal

proceeding before defendant Limestone County, Alabama, Circuit Judge James W.

Woodroof, Jr.  During the incident, Judge Woodroof held plaintiff in contempt of

court, and ordered her incarcerated in the Limestone County jail.[1]

This court dismissed all of plaintiff's claims on September 5, 2002, on the

grounds that the *Rooker-Feldman* doctrine[2] precluded it from exercising subject matter

jurisdiction.[3]  Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed

this court's dismissal of all of plaintiff's claims other than her Eighth Amendment

---

[1]*See* doc. nos. 1 (complaint) and 16 (amended complaint).  Plaintiff is an attorney.

[2]*See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82, 103 S. Ct.
1303, 1311-15, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S.
Ct. 149, 150, 68 L. Ed. 362 (1923).

[3]*See* doc. no. 21.



claim for unconstitutional prison conditions, and her one state law claim also addressing prison conditions, both of which were brought against only the following defendants: Limestone County, the Limestone County Commissioners, Sheriff Mike Blakely, and Deputy Sheriff Allen Craig (hereinafter collectively referred to as "defendants").[4] In its certified order to this court, the Eleventh Circuit stated that the court should proceed to evaluate plaintiff's remaining claims.[5]

This court informed the parties that it intended to address the applicability of sovereign, qualified, judicial, and prosecutorial immunity defenses to plaintiff's remaining Eighth Amendment and state law claims, and ordered the parties to submit any additional argument they might have on those issues.[6]   As the deadline for submitting additional argument has passed, the court now will consider whether plaintiff's remaining claims should be dismissed.[7]

---

[4]Doc. no. 26 (mandate from Eleventh Circuit Court of Appeals). The Eleventh Circuit stated, "[a]lthough somewhat unclear, this one state law claim [relating to prison conditions] appears to involve only the defendants named in Caffey's Eighth Amendment claim." *Id.* at 12 n.8. This court agrees.

[5]*Id.* at 12 n.9.

[6]Doc. no. 27.

[7]The court notes that plaintiff's Eighth Amendment claim addressing prison conditions first was asserted in the amended complaint she filed on May 30, 2002. Doc. no. 16. Defendants Limestone County, the Limestone County Commissioners, Sheriff Blakely, and Deputy Sheriff Craig, against whom the Eighth Amendment claim is asserted, moved to dismiss plaintiff's *original* complaint (*see* doc. nos. 10 & 11), but they did not file a separate motion to dismiss plaintiff's *amended* complaint. Nonetheless, the court will proceed to analyze whether the Eighth Amendment claim should be dismissed.

[A] court may dismiss a complaint *sua sponte* assuming the court exercises caution.

# I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[8] Consequently, a complaint should not be dismissed for failing to state a

---

> See *Clorox Co. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 30 (1st Cir. 2000) (stating that "it is occasionally appropriate for a district court to note the inadequacy of the complaint and, on its own initiative, dismiss the complaint[, but] a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.") . . . .

*Byrne v. Nezhat,* 261 F.3d 1075, 1127 n.99 (11th Cir. 2001). Plaintiff has had ample notice that this court is considering whether her Eighth Amendment claim for unconstitutional prison conditions should be dismissed, and an ample opportunity to address the issue. Indeed, plaintiff's Eighth Amendment claim *has been dismissed* by this court in the past. Further, after plaintiff's appeal, and the subsequent remand from the Eleventh Circuit, this court informed all parties that it intended to address the applicability of immunity issues to plaintiff's remaining claims (including the Eighth Amendment claim), and allowed all parties to submit any additional argument they had to support their respective positions. *See* doc. no. 27.

[8] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections,* 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or

claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[9] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable

to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.  . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[9] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same) *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002).

When determining whether a complaint should be dismissed, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

## II. DISCUSSION

### A.     Eighth Amendment Claim

#### 1.     Plaintiff's allegations

Plaintiff alleges that her Eighth Amendment rights were violated during her twenty-four-hour incarceration in the Limestone County Jail, because the structure of the jail was "inadequate, unhealthy, and unsafe."[10]   Plaintiff also alleges that

---

[10]Doc. no. 16 (amended complaint), at ¶ 26.

defendants "maintained a policy, custom and practice of incarcerating inmates under unlawful and humiliating conditions, which violated their right to privacy."[11]  She allegedly became a victim of these unconstitutional practices when she was "incarcerated in the all male section of the jail in a windowed cell and with a camera manned by men trained on her at all times, and with male jailers entering her cell at will."[12] Plaintiff allegedly "was placed in solitary confinement without provocation," was given "un-consumable" food and drink, and was denied toiletries, access to showers, linens, and a clean blanket.[13]  She also alleges that "male inmates and male jailers were permitted to invade her privacy by gawking at her through the window and through the camera lens, and by directing lewd and obscene statements and gestures to her."[14]

## 2.    Eighth Amendment standards

The Eighth Amendment prohibits cruel and unusual punishment.   "The Supreme Court says that prison officials will be liable for violating the Eighth Amendment when they are deliberately indifferent to the substantial risk of serious harm to inmates.  Put differently, officials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that

---

[11]*Id.* at ¶ 27.

[12]*Id.*

[13]*Id.*

[14]*Id.*

risk." *Marsh v. Butler County,* 268 F.3d 1014, 1026-27 (11th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 844-46, 114 S. Ct. 1970, 1982-83, 128 L. Ed. 2d 811 (1994)).  To state an actionable claim, plaintiff must allege (1) conditions of confinement which, in light of the law that was clearly established on the date of the incident complained of, obviously amounted to cruel and unusual punishment under the Eighth Amendment, (2) that the responsible state or county official was subjectively aware that such conditions posed a substantial risk of serious harm, (3) that the responsible official responded to the known risk in an objectively unreasonable way, and (4) that the constitutional violation caused the plaintiff's injuries. *See Marsh*, 268 F.3d at 1028-30.

> A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993).  An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not "respond[ ] reasonably to the risk." *Farmer v. Brennan*, 511 U.S. 825, 844-45, 114 S. Ct. 1970, 1982-83, 128 L. Ed. 2d 811 (1994).  A plaintiff must also show that the constitutional violation caused his injuries.

> In *Farmer*, the Court was chiefly concerned with defining the level of intent required of an official to violate the Eighth Amendment — the subjective element of the tort; but *Farmer* also explained that two objective elements are part of an Eighth Amendment violation. First, an objectively substantial risk of serious harm to prisoners must exist. *See id.* at 1977. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner. *See id.* at 1983.

*Marsh*, 268 F.3d at 1028.

> No static "test" can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." The objective component of an Eighth Amendment claim is, therefore, contextual and responsive to contemporary standards of decency. Only a deprivation which denies "the minimum civilized measure of life's necessities"[15] is grave enough to violate the Eighth Amendment.

*Bracewell v. Lobmiller*, 938 F. Supp. 1571, 1578 (M.D. Ala. 1996) (quoting *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994)). Thus, the constitution does not require prisons to be comfortable; it merely prohibits them from being inhumane. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003) (citing *Farmer*, 511 U.S. at 832, 114 S. Ct. at 1976).

In determining whether conditions of confinement rise to the level of a constitutional violation, the court should evaluate "the totality of conditions." *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. Jan. 1981).[16] The length of an inmate's confinement "cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87, 98 S. Ct. 2565,

---

[15]The necessities which must be provided include food, clothing, shelter, basic medical care, sanitation, and safety. *See Helling v. McKinney*, 509 U.S. 25, 33-34, 113 S. Ct. 2475, 2480-81, 125 L. Ed. 2d 22 (1993); *Marsh*, 268 F.3d at 1029; *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir. 1985).

[16]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2571, 57 L. Ed. 2d 522 (1978). *See also Sheley v. Duggar,* 833 F.2d 1420, 1429 (11th Cir. 1987); *Hargrove v. Henderson,* No. 95-1601-CIV-T-17A, 1996 WL 467516, at *9 (M.D. Fla. Aug. 13, 1996).

### 3.   Plaintiff's claims do not establish an Eighth Amendment violation

Plaintiff cannot establish that the conditions of her twenty-four-hour confinement posed such a substantial risk of serious harm so as to obviously amount to cruel and unusual punishment under the Eighth Amendment.

### a.   Solitary confinement

Plaintiff complains of being "placed in solitary confinement without provocation."[17] "It is clear that administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." *Sheley v. Dugger,* 833 F.2d 1420, 1428-29 (11th Cir. 1987) (citing *Hutto,* 437 U.S. at 686, 98 S. Ct. at 2571). As long as an inmate in administrative segregation (or solitary confinement) has adequate food, clothing, and sanitation, an Eighth Amendment violation will not be found. *Id.* at 429. Rather, the Eighth Amendment prohibits only egregious conditions such as the following: "the solitary confinement of naked persons in [the] dark hole, without any hygienic material, any bedding, adequate food or heat, without opportunity for cleaning either themselves or the cells, and for longer

---

[17]Doc. no. 16 (amended complaint), at ¶ 27.

than twenty-four hours continuously." *Gates v. Collier,* 501 F.2d 1291, 1305 (5th Cir. 1974).

No such egregious circumstances present themselves here. Indeed, plaintiff does not allege that she was placed in solitary confinement as an additional punishment. Rather, it appears that plaintiff simply was placed in a cell with no other inmates in it. She does not allege that she was required to be naked, to sleep on the floor, or to go without food. Further, and most importantly, plaintiff only was incarcerated for approximately twenty-four hours. Being required to remain alone in a jail cell for twenty-four hours, without additional evidence of abuse or mistreatment, does not constitute an Eighth Amendment violation. *See Gates,* 501 F.2d at 1305 (prison officials were allowed to keep inmates in solitary confinement for periods of twenty-four hours or less).

### b.    Denial of toiletries and access to showers

Similarly, plaintiff's allegations of being denied toiletries and access to showers do not rise to the level of a constitutional violation. Being required to go without a shower or toiletries such as soap or shampoo for twenty-four hours might have been less than pleasant for plaintiff, but those deprivations did not offend contemporary standards of decency, and they did not deprive plaintiff of "the minimum civilized measure of life's necessities." *See Bracewell,* 938 F. Supp. at 1578. *See also*

-10-

*Shannon v. Graves,* No. CIV.A.98-3395-KHV, 2000 WL 206315, at *11-12 (D. Kan. January 5, 2000) (denial of toiletries or hygiene products, even over an extended period of time, does not constitute an Eighth Amendment violation without some evidence of a health risk).   Indeed, it is not unusual for people who are *not* incarcerated to shower only once during a twenty-four-hour time period.

### c.   Denial of linens and a clean blanket

Plaintiff also complains of being denied linens and a *clean* blanket.  Although the Constitution may, under certain circumstances, require that inmates be provided with a mattress and a blanket, *see, e.g., Hamm v. DeKalb County,* 774 F.2d 1567, 1575-76 (11th Cir. 1985), this court has found no case law requiring an inmate to be provided with other linens on her bed.  Further, although plaintiff complains of a dirty blanket, she does not allege that she was required to go without a blanket, or that she was required to endure cold temperatures due to lack of proper covering.  An absence of linens, and a dirty blanket, during a twenty-four-hour period, without more, do not offend contemporary standards of decency and do not establish an Eighth Amendment violation. *See Shannon,* 2000 WL 206315, at *12 (inmates who regularly received blankets which had been used to clean up sewer water, and which still stunk even after being cleaned, could not establish an Eighth Amendment violation).

-11-

### d.    "Un-consumable" food and drink

Plaintiff also complains of being given "un-consumable" food and drink,[18] but she does not explain why she found the food and drink to be "un-consumable." It is unclear from plaintiff's allegations whether the food and drink were spoiled, whether the food was improperly cooked, or whether plaintiff simply preferred to not eat and drink what she was given. It *is* clear, however, that plaintiff was given *some* food and drink.

> The Constitution requires that prisoners be provided "reasonably adequate food." *Jones,* 636 F.2d at 1378; *Newman v. Alabama,* 559 F.2d 283, 286 (5th Cir. 1977). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir. 1977). The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation. *Hoitt v. Vitek,* 497 F.2d 598, 601 (1st Cir. 1974); *Sinclair v. Henderson,* 331 F. Supp. 1123, 1126 (D. La. 1971), *quoted in Freeman v. Trudell,* 497 F. Supp. 481, 482 (E.D. Mich. 1980).

*Hamm,* 774 F.2d at 1575.

Plaintiff's health was not placed in danger because of the allegedly "un-consumable" food she was served. Even if the food *truly* was "un-consumable," and not merely unpleasant, plaintiff could have chosen not to eat. If she did choose not to eat for twenty-four hours, she might feel uncomfortable and hungry, but her health would not be at risk. Thus, the service of "un-consumable" food and drink during

---

[18]Doc. no. 16 (amended complaint), at ¶ 27.

-12-

plaintiff's twenty-four-hour incarceration did not constitute an Eighth Amendment violation. *See Knox v. Wainscott,* No. 03 C 1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003) ("While the *systematic* malnourishment of a prisoner could constitute cruel and unusual punishment, the occasional missed meal does not.") (emphasis supplied).

### e.   Privacy concerns

Plaintiff complains that defendants violated her privacy by placing her "in the all male section of the jail in a windowed cell and with a camera manned by men trained on her at all times, and with male jailers entering her cell at will." She also states that "male inmates and male jailers were permitted to invade her privacy by gawking at her through the window and through the camera lens, and by directing lewd and obscene statements and gestures to her."[19]

The Eleventh Circuit has recognized that inmates retain a constitutional right to bodily privacy. *See Fortner v. Thomas,* 983 F.2d 1024, 1030 (11th Cir. 1993). "As a general rule, courts have found a violation only when guards '*regularly* watch inmates of the opposite sex who are engaged in personal activities, such as undressing, using toilet facilities or showering.'" *Miles v. Bell,* 621 F. Supp. 51, 67 (D. Conn. 1985) (emphasis supplied) (citations omitted). In contrast, occasional, incidental or

---

[19]Doc. no. 16 (amended complaint), at ¶ 16.

infrequent exposure of inmates' private body parts to opposite-sex guards does not violate the Constitution, if the exposure occurs in furtherance of a legitimate penological objective. *See, e.g., Miles,* 621 F. Supp. at 67; *Ashann-Ra v. Virginia,* 112 F. Supp. 2d 559, 565 (W.D. Va. 2000).[20]

"The constitutional right to privacy may be restricted to the extent necessary to further the penal institution's legitimate goals or policies, including the need to maintain security . . ." *Miles,* 621 F. Supp. at 67 (citing *Bell v. Wolfish,* 441 U.S. 520, 546, 548, 99 S. Ct. 1861, 1877, 1879, 60 L. Ed. 2d 447 (1979). *See also Timm v. Gunter,* 917 F.2d 1093, 1101 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the

---

[20]The district court in *Ashann-Ra v. Virginia,* 112 F. Supp. 2d 559 (W.D. Va. 2000) summarized the distinction between limited and routine intrusions on an inmate's privacy as follows:

> Many courts which have considered the question have held that a male inmate's constitutional rights are not violated when a female guard is permitted to view his genitals on a limited basis. *See Timm v. Gunter,* 917 F.2d 1093, 1101-02 (8th Cir. 1990) (minimal intrusions on privacy outweighed by institutional concerns for safety and equal employment opportunity), *cert. denied,* 501 U.S. 1209, 111 S. Ct. 2807, 115 L. Ed. 2d 979 (1991); *Michenfelder v. Sumner,* 860 F.2d 328, 333-34 (9th Cir. 1988) (infrequent or casual observation or observation at a distance does not warrant court interference); *Grummett v. Rushen,* 779 F.2d 491, 496 (9th Cir. 1985) (inmates' privacy needs outweighed by internal security needs and equal employment opportunities); *Riddick v. Sutton,* 794 F. Supp. 169 (E.D. N.C. 1992) (limited exposure of genitals to female officers not unconstitutional). However, routinely or regularly exposing an unclothed inmate to female guards may constitute a constitutional violation. *See Cumbey v. Meachum,* 684 F.2d 712 (10th Cir. 1982) (as a general rule, violation of prisoners' right to privacy occurs when guards regularly watch inmates of opposite sex who are engaged in personal activities, such as showering); *Miles v. Bell,* 621 F. Supp. 51 (D. Conn. 1985) (same).

*Id.* at 565.

-14-

bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities."). Finally, and most importantly, a violation of the right to privacy will not amount to an *Eighth Amendment* violation unless it so strongly offends contemporary standards of human decency as to constitute "cruel and unusual punishment." *See Bracewell,* 938 F. Supp. at 1578.[21]

Plaintiff does not allege that any male jailer or male inmate viewed her while she was engaging in a personal activity such as undressing, using the toilet, or showering.[22] Indeed, plaintiff does not allege that any male jailer or inmate ever viewed her naked at all, much less that she was viewed naked on a *regular* basis. Further, defendants clearly possessed a legitimate penological objective in monitoring plaintiff by camera and entering her cell: *i.e.,* furthering the security of the Limestone County Jail and the safety of its inmates.

It does not offend contemporary standards of decency for a female inmate to be housed in the all-male section of a jail *for twenty-four hours.* It also does not offend contemporary standards of decency for a female inmate to be monitored in her cell by

---

[21]Plaintiff did *not* bring a claim under the Fourth Amendment for violation of her right to bodily privacy. Thus, the court will consider plaintiff's privacy allegations *only* in connection with her Eighth Amendment prison conditions claim.

[22]In fact, the court notes that plaintiff also complains of being *denied* access to showers.

male jailers.[23]  Indeed, being watched closely by guards should be expected by any inmate in any jail.  Accordingly, plaintiff's allegations of invasion of privacy are insufficient to establish cruel and unusual punishment in violation of the Eighth Amendment.

### f.    Totality of circumstances

Finally, the court finds that the totality of circumstances plaintiff allegedly endured while incarcerated did not amount to an Eighth Amendment violation. *See Jones,* 636 F.2d at 1368 (stating that courts should look to the totality of circumstances when considering an Eighth Amendment claim).  The environment of a jail is not designed to be ideal. *See Farrow,* 320 F.3d at 1242 (stating that, while prisons must not be inhumane, they are not required to be comfortable).  During her brief incarceration, plaintiff naturally was deprived of some of the comforts and conveniences to which she was accustomed.  However, there is no indication that she was treated inhumanely, or that her health ever was at risk.

Most importantly, plaintiff was only incarcerated for approximately *twenty-four hours. See Hutto,* 437 U.S. at 686-87, 98 S. Ct. at 2571 (stating that the length of an inmates' confinement "cannot be ignored" in the Eighth Amendment analysis).  The court recognizes that the conditions of a twenty-four-hour confinement *could* be

---

[23]Plaintiff does not state whether a "female" section existed at the jail, or whether there were any female jailers employed at the jail.

sufficiently egregious to establish an Eighth Amendment claim.  However, plaintiff has not alleged any such egregious circumstances here.  Rather, plaintiff's allegations reflect only the typical inconveniences and deprivations that should be expected from a lawful incarceration.  Those allegations do not rise to the level of cruel and unusual punishment.  *See Hawkins v. Marin County Jail Commissioner,* No. C 01-3288 SI (PR), 2002 WL 73227, at *1 (N.D. Cal. January 15, 2002) ("Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.") (citations omitted).

## B.    State Law Claims

In cases where the court's jurisdiction is based solely upon a federal question, the district court has discretion to entertain state claims that are supplemental to the federal claim.  *See* 28 U.S.C. § 1367(a).[24]  The district court may decline to exercise supplemental jurisdiction when:

(1)    the claim raises a novel or complex issue of State law,

---

[24] 28 U.S.C. § 1367(a) provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7, 98 L. Ed. 2d 720 (1988).

Here, plaintiffs' federal claims have been eliminated, and only her state law claim remains.[25]   Accordingly, this court declines supplemental jurisdiction, and exercises its discretion to dismiss plaintiffs' state claim.

---

[25]Plaintiff's remaining state law claim is contained in the last six lines of paragraph 57 of her original complaint (doc. no. 1). There, plaintiff alleges that

her incarceration in a jail cell with a window and a camera, which provided male inmates, jailer, and visitors a view of her in the cell at all times and under all circumstances, and the un-noticed entry of male jailers into her cell constitute an intrusion upon her physical solitude and seclusion.

Doc. no. 1 (complaint), at ¶ 57. *See* doc. no. 26 (certified order from Eleventh Circuit), at 12 n.8 (noting that plaintiff's remaining state claim is contained in the last six lines of Paragraph 57 of plaintiff's original complaint).

## III. CONCLUSION

Plaintiff's allegations are insufficient to establish an Eighth Amendment claim. Further, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim. Accordingly, all of plaintiff's remaining claims will be dismissed. An appropriate order will be entered contemporaneously herewith.

DONE this _16th_ day of June, 2004.

United States District Judge

-19-